POWELL v. PRESTON.

*Sale — condition that title remains in vendor — rights of vendor*

Plaintiff sold to his son a stock of goods in a store, upon the condition that the title was to remain in plaintiff until the goods were paid for, and that all goods for the store thereafter purchased by the son, were to become plaintiff's, until the amount due plaintiff was paid. After some months plaintiff, not having been paid, in the son's absence, took possession of the goods. *Held*, that the contract in question was valid, and plaintiff having taken possession, could, in the absence of fraud, hold the goods against the son's creditors. The method of taking possession was immaterial.

EXCEPTIONS ordered to be heard in the first instance, at general term, after a verdict for the plaintiff.

The action was brought by John Powell against Hamilton S. Preston, for the value of goods taken by defendant as sheriff. The plaintiff being the owner of a stock of goods in a store, sold the same to his son, E. H. Powell, conditionally, that is, plaintiff was to retain the title to the goods until they were paid for, and until certain debts due third parties were paid. It was subsequently agreed between them, that all further purchases of goods by the son should belong to the father, upon the same conditions, and that the son might reduce the stock and notes and accounts, by paying to plaintiff a proportional amount of his claims against the son.

The agreements by which such a condition of affairs existed were made at different times, between January and June, 1870, and under such agreements the son had been in possession of the goods, buying and selling, and so continued until November 1, 1870. At this time the plaintiff, by his agents, and in the absence of his son, took possession of the store and goods, and afterward, with the aid of the son, inventoried them, and continued to retain possession until the 20th of November, 1870, when the same were levied upon by defendant, as sheriff, under executions issued upon judgments against the son, E. H. Powell. By virtue of such executions the goods were afterward sold. The plaintiff brought this action against the sheriff for taking and selling such goods, and had a verdict for their value at the circuit. The exceptions were ordered heard in the first instance at the general term.

*W. Youmans, Jr.,* for plaintiff.

*C. H. Bell,* for defendant, cited as to the validity of the contract and the rights of plaintiff: *Ludden* v. *Hazen,* 31 Barb. 650; *Griswold* v. *Sheldon,* 4 N. Y. 591; *Smith* v. *Lynes,* 5 id. 41; *Wait* v. *Green,* 36 id. 556; *Williamson* v. *Milner,* 2 Barb. 37; *Otis* v. *Sill,* 8 id. 111; *Carpenter* v. *Simmons,* 28 How. 12; *Conderman* v. *Smith,* 41 Barb. 404; *Edgell* v. *Hart,* 9 N. Y. 213; *Gardner* v. *McEwen,* 19 id. 123; 2 Statutes at Large, 142, § 1; *Mittnacht* v. *Kelley,* 3 Keyes, 407; *Russell* v. *Winne,* 37 N. Y. 591; *Yates* v. *Olmsted,* 65 Barb. 43; *Rinchey* v. *Stryker,* 26 How. 75; *Williams* v. *Lowndes,* 1 Hall, 579; *Savage* v. *Murphy,* 34 N. Y. 508; *Case* v. *Phelps,* 39 id. 164; *Pinchnell* v. *Maine,* 2 Keyes, 119; *Downing* v. *Kelly,* 49 Barb. 547; *Western Transportation Co.* v. *Marshall,* 37 id. 509, affirmed in 4 Tr. Appeals, 366; *Crocker* v. *Crocker,* 31 N. Y. 507; *Rawls* v. *Deshler,* 3 Keyes, 572.

BOARDMAN, J. If Edward H. Powell had remained in the possession of the goods until the levy by defendant had been made, the cases of *Ludden* v. *Hazen,* 31 Barb. 650, and *Griswold* v. *Sheldon,* 4 N. Y. 581, would have been authorities in point and perhaps conclusive in favor of defendant. They are distinguished from the case under consideration in that Edward H. Powell was not in possession of the property at the time of the levy. The plaintiff had possession of it under a claim of ownership. If he was in fact the owner,

the defendant was a trespasser in levying and selling. But if plaintiff was not the owner, or his title was fraudulent and void as to the creditors of Edward H. Powell, the defendant was justified in his seizure and sale.

It is not denied that Edward H. Powell had not paid the plaintiff the purchase price of the goods, nor that plaintiff sold the goods to Edward H. Powell conditionally, the title to remain in plaintiff until the purchase price was fully paid. Such a sale is sanctioned by *Ballard* v. *Burgett*, 40 N. Y. 314, and *Austin* v. *Dye*, 46 id. 500. There was nothing, therefore, in that portion of the contract which would give to the creditors rights superior to the plaintiff. But the contract between the plaintiff and his son contemplated additional purchases by the son, and additions to the stock of goods, which were to become the property of the plaintiff as fast as purchased upon like conditions. As to such new purchases the rights of the creditors of Edward H. Powell would be superior to the rights of the plaintiff so long as the goods remained in the possession and under the control of Edward H. Powell. But the plaintiff, under his contract, took the possession of all the goods in his son's possession nearly three weeks before the levy, and such act was acquiesced in by the son who aided in taking an inventory of the property and recognized the right of the plaintiff to hold the goods under the contract In the absence of fraud such conduct would vest the plaintiff with the title to the goods, and would deprive Edward H. Powell and his creditors of any claim upon them in plaintiff's hands. The possession of plaintiff, under a claim of ownership, was, therefore, an important fact in this case by which all questions were disposed of except only whether such possession and ownership was in bad faith and fraudulent as to the creditors of Edward H. Powell. That question was fairly and fully submitted to the jury by the learned judge, and their verdict has established that plaintiff's possession was not fraudulent or in bad faith.

It does not seem material how plaintiff obtained possession of the goods so long as the contracts between himself and his son gave him the right of possession. The possession, if rightful by virtue of the contracts, was effectual as against the son or any one claiming under or through him, however acquired. The same is true of the son's acquiescence. He could not recover the goods of his father because the father had the legal right to the possession under the contracts with his son. An action founded upon the manner in

which the father gained possession or the want of acquiescence by the son, must, for the reasons stated, have failed.

The plaintiff's title and possession are held to be honest and free from fraud by the verdict of the jury, as against the creditors of Edward H. Powell. That being so, no attack can be sustained by the creditors against the plaintiff except upon proof showing that the plaintiff had no title, and that the title was still in his son. We have seen that the contracts between the plaintiff and his son gave plaintiff the title to these goods, which was made effectual in the absence of fraud, by reducing them to possession.

Many exceptions are taken in the case, but all of them cluster around and are disposed of by the principles above stated.

Believing that no error was committed upon the trial to the prejudice of defendant the verdict must be sustained.

The motion for a new trial is therefore denied, and judgment ordered for the plaintiff on the verdict, with costs.

*Ordered accordingly.*